IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SCOTT & SCOTT DEVELOPMENT, INC.                                            PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:07CV286-B-D

JERSEY SHORE STEEL COMPANY                                                DEFENDANT

## ORDER DENYING MOTION TO DISMISS

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is not well taken and shall be denied.

The plaintiff, Scott & Scott Development, Inc., ("Scott & Scott") developed a steel frame for use in the motion furniture industry. The defendant, Jersey Shore Steel Company ("Jersey Shore") manufactured the frames for the plaintiff who sold them to various Mississippi furniture manufacturers including Lane Furniture Industries, Inc., and Omega Motion. The plaintiff asserts that the parties had an agreement that Jersey Shore would not sell frames directly to Scott & Scott's customers. The plaintiff alleges that the defendant has violated this agreement. The plaintiff filed the present case in the Circuit Court of Lee County, Mississippi, on October 12, 2007, asserting causes of action for, inter alia, breach of contract, interference with contractual relations, intentional misrepresentation, and conversion. The defendant subsequently removed the case to this court asserting diversity jurisdiction and has now filed a motion to dismiss arguing that it cannot be haled into court in Mississippi because it does not fall within the reach of Mississippi's long arm statute. Citing Fed. R. Civ. P. 13(a), the defendant further asserts that the plaintiff's claims are compulsory counterclaims to a suit filed by Jersey Shore against the plaintiff on September 7, 2007, in the Middle District of Pennsylvania.

A two-tier test must be applied to determine whether it is appropriate for a Mississippi court to exercise *in personam* jurisdiction over a nonresident defendant. *Horne v. Mobile Area Water & Sewer Sys.*, 897 So. 2d 972, 976 (Miss. 2004). First, the nonresident defendant must have engaged in activities that makes him subject to suit in Mississippi under Mississippi's long arm statute, Miss. Code Ann. § 13-3-57. *Yatham v. Young*, 912 So. 2d 467, 469 (Miss. 2005). Second, the nonresident defendant must have availed himself of the State of Mississippi in a manner so that the exercise of jurisdiction over his person would be consistent with the due process clauses of the federal and state constitutions. *Id.* Mississippi's long arm statute limits the exercise of personal jurisdiction over a nonresident defendant to three situations: (1) where the nonresident defendant makes a contract with a resident of Mississippi to be performed in whole or in part by any party in this state; (2) where the nonresident defendant commits a tort in whole or in part in this state; or (3) where the nonresident defendant does any business or performs any character of work or service in this state. *Id.*

In the present case, the plaintiff alleges the existence of a contract between the plaintiff and Jersey Shore and Jersey Shore's breach of that contract – a contract which was to be performed at least in part in this state. The plaintiff further alleges that the defendant has committed torts at least in part in this state. Finally, the plaintiff alleges that Jersey Shore does extensive business in this state, shipping tons of steel frames to the plaintiff and its customers.

When a nonresident defendant challenges personal jurisdiction, the party seeking to invoke the court's power bears the burden of proving, by a preponderance of the evidence, the existence of jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006). The court may satisfy constitutional requirements for specific jurisdiction by showing that the

nonresident defendant has minimum contacts with the forum state so that exercising jurisdiction and imposing judgment would not offend the traditional notions of fair play and substantial justice. *Id.* When the plaintiff makes a *prima facie* showing that the nonresident defendant has minimum contacts with the forum state, the burden of proof shifts to the defendant to show that exercise of jurisdiction would be unreasonable. *Id.* at 466.

The court finds that the plaintiff has met its burden of showing that the court may exercise personal jurisdiction over Jersey Shore based on all three prongs of Mississippi's long arm statute. The court further finds that exercise of said jurisdiction does not offend the traditional notions of fair play and substantial justice and will not violate the due process clauses of the federal or state constitutions.

The court now addresses the defendant's argument that the plaintiff's case is a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a). Rule 13(a) provides in part that a counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "[A] claim that is only peripherally related to a prior action is not a compulsory counterclaim." *Nayani v. Horseshoe Entertainment*, 2007 WL 1288047 (N.D. Tex. May 2, 2007).

The court is unpersuaded by the defendant's argument. Jersey Shore's claim in the Middle District of Pennsylvania appears to be no more than a collection action involving an open account debt for goods purchased or shipped in the past. According to the plaintiff, the action relates solely to sixteen invoices generated during an approximate six week period. Scott & Scott's claims, on the other hand, involve the alleged wrongful acts of Jersey Shore in interfering with ongoing business relations with the plaintiff's customers, for conversion, for intentional and

3

negligent misrepresentation, for breach of contract, and other claims. While Jersey Shore seeks recovery of a sum certain based on enumerated invoices, Scott & Scott seeks recovery of various damages including past and future lost profits and for punitive damages. As the plaintiff notes, the only common denominator between the two lawsuits appears to be the parties themselves. This is clearly a case in which the claims are only peripherally related to a prior action.

For the foregoing reasons, the court finds that the defendant's motion to dismiss is not well taken and should be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to dismiss is **DENIED**.

This, the 30th day of September, 2008.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**